IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KATHRYN AND RILEY RICE                                                                     PLAINTIFFS

VS.                                                                                        No. 4:06CV54-D-B

THE EQUITABLE VARIABLE LIFE
INSURANCE COMPANY., ET. AL.                                            DEFENDANTS

<u>OPINION GRANTING MOTION TO REMAND</u>

     Presently pending before the Court is the Plaintiffs' motion to remand this matter to the Circuit Court of Sunflower County, Mississippi. Upon due consideration, the Court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

     The Plaintiffs purchased life insurance policies from the Defendant Equitable Variable Life Insurance Company ("Equitable") through an Equitable sales agent, George Bell. The Plaintiffs subsequently filed suit in the Circuit Court of Sunflower County, Mississippi, on March 2, 2006, alleging that the Defendants' conduct in connection with the sale and performance of the Plaintiffs' insurance policies renders the Defendants liable under various causes of action including breach of fiduciary duty, negligence, misrepresentation, and fraudulent concealment. Specifically, the Plaintiffs claim that the Defendants falsely represented that (1) that all of Plaintiffs' policy interest earned on Plaintiffs' policy accounts would go to Plaintiffs policy accounts; (2) that Plaintiffs' premium payments would pay the cost of the insurance and the remainder would go to Plaintiffs' policy accounts; (3) that the Equitable policies Plaintiffs purchased were better than the policies Plaintiffs' held; and (4) that the Equitable policies were better policies because the were both insurance and investments. The Defendants removed the action to this Court on April 5, 2006, citing

diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs subsequently motioned this Court to remand this action to state court.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . . " 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the Plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing Defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved in favor of remand. Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the Court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs are resident citizens of Sunflower County, Mississippi. The individual Defendant, George Bell, is a resident citizen of Washington County, Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Court finds that Bell has been improperly joined in order to defeat diversity. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002); Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). However, should the

Court find that the non-diverse defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003); Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging improper joinder bears the burden of persuasion and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. Travis, 326 F.3d at 647-48.

The Defendants here do not allege outright fraud. Thus, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Central R.R. Co., 385 F.3d 538, 573 (5th Cir. 2004) (en banc). In making this determination, the Court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005). In addition, the Court must resolve all ambiguities in the controlling state law in the Plaintiffs' favor. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

Likewise, in evaluating a claim of improper joinder, the Court does not determine whether the Plaintiff will actually prevail on the merits of the Plaintiffs' claims. Instead, the Court simply

determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly improperly joined individual Defendant. Rodriguez, 120 F.3d at 591; see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992). In moving for remand, the Plaintiffs' burden is "much lighter" than that required to survive motion for summary judgment; instead there only need be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for a case to be remanded. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941).

As set forth below, the Court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against the individual Defendant. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

*C. Discussion*

1. General Principles

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Central R.R. Co., 385 F.3d at 573. In the case *sub judice*, the Plaintiffs allege that the individual Defendant committed misrepresentation and fraud in connection with, and subsequent to, the Plaintiffs' purchase of life insurance policies from Equitable.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own toritious acts committed within the scope of his employment, and a tort claim can be

maintained against that agent. Hart, 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (*quoting* Mississippi Printing Co. Inc., v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see American Fire Prot., Inc. v. Lewis, 653 So. 2d 1387, 1391 (Miss. 1995) ("[A]n individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation.") Here, the Plaintiffs have alleged that the individual Defendant, as an agent for Equitable, directly participated in the commission of the torts of fraudulent inducement, fraudulent concealment, and misrepresentation while within the scope of his employment. The Defendants claim, however, that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the individual Defendant in state court.

2. Statute of Limitations

The Defendants assert that the Plaintiffs' claims against the individual Defendant are barred by the applicable statute of limitations, which requires that actions such as this be commenced within six years after the causes of action accrue. Miss. Code Ann. § 15-1-9 (1972). see Nichols v. Tri-State Brick & Tile Co., 608 So. 2d 324, 333 (Miss. 1992). In support of their position, the Defendants point out that the Plaintiffs purchased the subject insurance policies more than six years prior to the filing of this suit, and that under Mississippi law, a cause of action for fraud or misrepresentation accrues upon completion of the sale induced by the false representations or upon consummation of the fraud or misrepresentation. Dunn v. Dent, 153 So. 2d 798 (Miss. 1934); accord Stephens v. Equitable Life Assurance Soc'y of the United States, 850 So. 2d 78, 81 (Miss. 2003). Specifically, the Defendants argue that where a claim arises from the alleged failure of an insurance policy to perform as allegedly represented, the claim accrues upon the purchase of the policy in question. Stephens, 850 So. 2d at 83.

In response, the Plaintiffs cite Section 15-1-67 of the Mississippi Code, which tolls the statute of limitations in cases of fraudulent concealment. Specifically, Section 15-1-67 provides that

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Miss. Code Ann. § 15-1-67 (1972).

While the Defendants do not dispute the applicability of § 15-1-67 to cases such as this, they assert that the Plaintiffs are not excused from the duty to read their policy. In addition, the Defendants assert that the Plaintiffs have not adequately alleged that the individual Defendant took affirmative acts of concealment, subsequent to the sale of the Plaintiffs' insurance policies, that prevented the Plaintiffs from discovering their causes of action. Furthermore, the Defendants also argue that the Plaintiffs could have, with due diligence, discovered their claims against the individual Defendant much earlier than they did.

In Stephens, the Mississippi Supreme Court set forth the factors that must be proven before Section 15-1-67 can operate to toll the statute of limitations for a cause of action. 850 So. 2d 78. The Stephens court state that "the plaintiffs have a two-fold obligation to prove that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." 850 So. 2d at 84.

In accordance with Stephens, the Court first addresses whether the Plaintiffs have sufficiently alleged that the individual Defendant engaged in any affirmative act or conduct that prevented the Plaintiffs from discovering their claims. The Court finds that the Plaintiffs have sufficiently alleged in paragraphs 16, 20, 21 and 22 of their Complaint, that the individual Defendant engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering their causes of action

until such time as to render the filing of this suit untimely. See Phillips v. New England Mut. Life Ins. Co., 36 F. Supp. 2d 345, 349-50 (S.D. Miss. 1998) (similar allegations of fraudulent concealment by individual agent deemed sufficient to potentially toll statute of limitations.); Hignite v. American Gen. Life & Accident Ins. Co., 142 F. Supp. 2d 785, 790-91 (N.D. Miss. 2001) (same).

In addition, the Court finds that the Defendants have failed to establish that the Plaintiffs failed to exercise due diligence in discovering their claims. Section 15-1-67 states that a cause of action is deemed to have accrued at the time Plaintiffs actually discovered the Defendants' alleged fraud, or with reasonable diligence might have discovered it. In taking the Plaintiffs' factual allegations in the light most favorable to the Plaintiffs, the Court cannot hold that the Plaintiffs might have discovered the Defendants' purported fraud any sooner than it was in fact discovered. See Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 653 (S.D. Miss. 2001). As such, the Court finds that there is at a minimum a genuine issue of material fact as to the time when the Defendants' purported fraud should have been first known or discovered.

Resultantly, the Court holds that the Defendants have not shown that the Plaintiffs can prove no set of facts that supports their claim that the statute of limitations applicable to their causes of action was tolled. The Plaintiffs have alleged specific facts that, if proven, make it possible for the state court to toll the statute of limitations pursuant to Section 15-1-67 of the Mississippi Code.

*D. Conclusion*

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises the possibility that they could successfully establish a tort claim against the individual Defendant Bell under Mississippi law. Accordingly, Bell's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this action means that complete diversity of citizenship necessary to

maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Sunflower County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 31st day of July 2006.

/s/ Glen H. Davidson
Chief Judge